**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

|  |  |
|---|---|
| MEGHAN ABBOTT,<br><br>               Plaintiff,<br><br>      v.<br><br>WELSPUN INDIA LTD., and WELSPUN USA INC.,<br><br>               Defendants. | **Case No. 1:16-cv-06792-RJS-DCF**<br><br>**ECF Case**<br><br>**CLASS ACTION** |

### JOINT APPLICATION OF HAGENS BERMAN AND STECKLER GRESHAM COCHRAN PLLC TO BE APPOINTED INTERIM CO-LEAD COUNSEL

# TABLE OF CONTENTS

Page(s)

I.  INTRODUCTION ......................................................................................................1

II. ARGUMENT ...........................................................................................................3

    A.    Appointment of Interim Lead Counsel is Critical to the Management and Success of the Consolidated Case. ......................................................................................3

    B.    The Proposed Leadership Team Has Performed Significant Work in Identifying and Investigating the Potential Claims in this Action. .............................................4

    C.    Proposed Interim Co-Lead Counsel and Each Lawyer on the Abbott Leadership Team Has the Experience, Competence, and Integrity to Serve as Counsel for the Class. ...................................................................................................................5

        1.    Proposed Interim Co-Lead Counsel: Hagens Berman Sobol Shapiro .........6

        2.    Proposed Interim Co-Lead Counsel: Steckler Gresham Cochran PLLC.....8

    D.    Interim Co-Lead Counsels' knowledge of applicable law weighs heavily in support of appointing the Hagens Berman and Steckler Gresham Cochran as Interim Co-Lead Counsel. ......................................................................................11

    E.    The Abbott leadership team has unparalleled resources to commit to obtaining an optimal result for the class. .....................................................................................15

III. CONCLUSION........................................................................................................15

# I.    INTRODUCTION

Plaintiffs Meghan Abbott and Ursula Keep (collectively "Abbott Plaintiffs"),[1] Elise Aasgaard,[2] Nicole Jauer Reynolds, and Michelle Blair (collectively "Aasgaard Plaintiffs")[3] move for appointment of Hagens Berman Sobol Shapiro LLP and Steckler Gresham Cochran PLLC as interim co-lead counsel for the putative class (collectively "Interim Co-Lead Counsel"), and McCune Wright LLP and The Paynter Law Firm as members of the Plaintiffs' Executive Committee ("PEC").

There are four cases pending against Welspun India and Welspun USA ("Welspun").  Six plaintiffs firms[4] have jointly agreed to the leadership structure proposed by the Abbott Plaintiffs. If approved, the putative class will be represented by experienced counsel who have successfully litigated many of the largest cases in the United States, including several of the most prominent nationwide classes recently litigated in this District. Counsel in Brower, Bursor & Fisher, PA, were offered a role but would not agree to the proposed leadership arrangement unless all other attorneys agreed to guarantee the firm 25% of any recovery notwithstanding the amount or quality of work performed or the firm's experience in managing cases of this size and complexity. The attorneys for both the Abbott Plaintiffs and Aasgaard Plaintiffs agreed to divide any fee award pro rata based on work actually performed for the benefit of the class.  *See* Ex. 1 ¶¶ 4-6, Declaration of Robert B. Carey in Support of the Abbott Plaintiffs Application for Appointment of Interim Lead Counsel; and Ex. 2 ¶¶ 4-6, Declaration of Bruce W. Steckler in Support of the Aasgaard Plaintiffs Application for Appointment of Interim Lead Counsel. They

---

[1] *Keep v. Welspun India Ltd., et al.*, (S.D.N.Y.) Case No. 16-cv-9133.

[2] *Aasgaard, et al. v. Welspun USA, Inc.*, (E.D. Mo.) Case No. 16-cv-1408

[3] The cases filed by the Abbott Plaintiffs have all been related and transferred to this Court.  The Aasgaard Plaintiffs' suit is currently pending in the District of Missouri.  As stated in the Joint Status Report, Dkt. 27, the Abbott and Aasgaard Plaintiffs agree that a consolidated amended complaint is appropriate after lead counsel is chosen, and the Aasgaard Plaintiffs have agreed to dismiss their claims in Missouri.

[4] Hagens Berman Sobol Shapiro LLP, Steckler Gresham Cochran PLLC, The Paynter Law Firm, Lite Depalma Greenberg, LLC, McCuneWright, LLP, and The Armstrong Law Firm LLC.

also agreed that co-lead counsel would divide work equitably based on the best interests of the class in furthering the litigation. *Id.*

The Plaintiffs' proposed leadership structure is the best choice because: (1) co-lead counsel can efficiently manage the consolidated case for the benefit of the class as it has done in hundreds of cases, (2) the attorneys available to proposed Interim Co-Lead Counsel to assist in prosecuting the case are the most qualified to litigate this case based on their experience securing billions for class members in consumer cases across the country for over three decades, (3) the proposed leadership team represents cooperation by virtually every Plaintiff and attorney who filed suit against Welspun, (4) the proposed leadership team has significant resources—time, money, personnel, and experience—to litigate this case against a multi-billion dollar company and other multi-billion dollar defendants who may join the suit as defendants in the future, (5) proposed Interim Co-Lead Counsel initiated the litigation and has continued to investigate and develop substantial evidence to support the case as set forth in the declaration of Robert B. Carey of Hagens Berman and Bruce W. Steckler of Steckler Gresham Cochran PLLC, attached as Ex. 1 and 2 respectively, (6) the use of an executive committee will ensure that any unique interests or positions that arise, such as new defendants or state-specific interests, can be represented by the appointment of experienced and knowledgeable counsel, and (6) the history of appointment of proposed Interim Co-Lead Counsel in this District and others shows that they will efficiently and aggressively lead this case to obtain an outstanding result for the class.

Proposed Interim Co-Lead Counsel devoted significant time and effort successfully developing a leadership consensus among Plaintiffs' counsel. The proposed structure is fair and, more importantly, creates a legal team that has demonstrated it can work together cooperatively and without rancor, and can obtain the best result for the class. Although Bursor & Fisher refused to participate on the terms agreed to by the proposed leadership structure, that firm will still be available to be called upon when needed to assist in litigating the consolidated action. For these reasons, the Abbott and Aasgaard Plaintiffs respectfully request the court appoint Hagens

Berman and Steckler Gresham Cochran PLLC as co-lead counsel for the putative class, and McCune Wright LLP and The Paytner Law Firm as members of the PEC.

## II.    ARGUMENT

### A.    Appointment of Interim Lead Counsel is Critical to the Management and Success of the Consolidated Case.

Rule 23(g)(3) permits Court to "designate interim counsel to act on behalf of a putative class before determining whether to certify the action as a class action." FED. R. CIV. P. 23(g)(3). In complex cases, appointing seasoned lead counsel is one of a district court's key organizational tools to promote efficiency, avoid delay, overlap and duplication of effort. *See* MANUAL §§ 10.224, 21.272; *MacAlister v. Guterma*, 263 F.2d 65, 69 (2d Cir. 1958). The "designation of interim [class] counsel clarifies responsibility for protecting the interests of the class during precertification activities, such as making and responding to motions, conducting any necessary discovery, moving for class certification, and negotiating settlement." *Id*. § 21.11. Lead counsel is charged with the ultimate responsibility of acting for and in the best interest of the group throughout the entire litigation process. *See* MANUAL §§ 10.22, 21.271, 21.272; Fed. R. Civ. P. 23(g)(4).

Plaintiffs' counsel in all the pending suits have conferred and all but one firm have reached consensus on the appointment of co-lead counsel through "private ordering," the preferred method of selecting attorneys to represent a proposed class. THIRD CIR. TASK FORCE REPORT, SELECTION OF CLASS COUNSEL, 208 F.R.D. 340, 416 (2002) ("Case law and experience indicates that the dominant scenario for appointing class counsel is deference to private ordering."); MANUAL § 10.22 ("In some cases the attorneys coordinate their activities without the court's assistance, and such efforts should be encouraged.").

The MANUAL recognizes that appointing interim co-lead counsel that can call upon a team of attorneys may serve the best interests of the class in complex litigation.  MANUAL §§ 21.11 & 22.62; NEWBERG ON CLASS ACTIONS § 10:11 (5th ed.). But even when counsel agrees to

a leadership structure, the court must independently determine whether the proposed structure is in the best interest of the class. *Id.*

Courts appointing interim class counsel consider the following factors when making their selection: (l) the work counsel has done in identifying or investigating potential claims in the action; (2) counsel's experience in handling class actions, other complex litigation, and claims of the type asserted in the action; (3) counsel's knowledge of the applicable law; and (4) the resources that counsel will commit to representing the class. *See* FED. R. CIV. P. 23(g)(1)(A)(i-iv) & (g)(2); *In re LIBOR-Based Fin. Instruments Antitrust Litig.*, No. 11-md-2262-NRB, 2011 WL 5980198, at *2 (S.D.N.Y. Nov. 29, 2011) ("The considerations set out in Rule 23(g)(1)(A), which govern the appointment of class counsel once a class is certified, are widely accepted to apply to the designation of interim class counsel before certification as well."); *In re Municipal Derivatives Antitrust Litig.*, 252 F.R.D. 184, 186 (S.D.N.Y. 2008). The Court may also consider "any other matter pertinent to counsel's ability to fairly and adequately represent the interests of the class." *See* FED. R. CIV. P. 23(g)(1)(B).

Interim Co-Lead Counsel are experienced in representing plaintiffs in complex nationwide and multi-state consumer class actions. As set out in detail below, the proposed litigation team collectively satisfies all of the relevant criteria and is best qualified for appointment under Rule 23(g).

**B.    The Proposed Leadership Team Has Performed Significant Work in Identifying and Investigating the Potential Claims in this Action.**

Proposed Interim Co-Lead Counsel member Hagens Berman filed the first putative class action against Welspun on August 29, 2016 in the Southern District of New York.  Three days later, proposed Interim Co-Lead Counsel member Steckler Gresham Cochran PLLC filed a similar suit in the Eastern District of Missouri. All other Abbott Plaintiffs filed substantively similar cases in the Southern District of New York. Before filing each case, counsel for the Abbott Plaintiffs conducted a significant preliminary investigation into the alleged fraud and

potential liability of Defendant Welspun and others. After filing suit, the investigation did not end. In addition to interviewing dozens of consumers, Hagens Berman independently investigated retailers' efforts to unravel the veracity of claims relating to Egyptian cotton, including the use of a private investigation firm with the ability to conduct research and interviews in India, as set forth in the declaration of Robert B. Carey. Ex. 1. Counsel for Plaintiff Aasgaard conducted a similar independent investigation, consulting with retailers and even retaining an industry consultant on Indian textiles to investigate this matter, as set forth in the declaration of Bruce Steckler. Ex. 2. The *Abbott* and *Aasgaard* investigation led to a trove of information that will be invaluable to the Welspun litigation and resulted in a related lawsuit against Wal-Mart Stores, Inc. in the Southern District of New York. The Wal-Mart case has been transferred to this Court as a related matter and all parties agree that it should be coordinated with the Welspun case. Dkt. 27. It also appears that Interim Co-Lead Counsel is the only counsel making efforts to serve Defendant Welspun India Ltd. using the Hague Convention procedures for service of a foreign entity. *Id*.; *see also* Declaration ofRobert B. Carey, Ex. 1, ¶9. This difficult, expensive, and time consuming process is the most efficient way to perfect service on Welspun India since Welspun USA has refused to accept service for its parent corporation. It is incontrovertible that the proposed Interim Co-Lead Counsel initiated this litigation and is significantly invested in the prosecution of a consolidated case on behalf of the class.

C.      **Proposed Interim Co-Lead Counsel and Each Lawyer on the Abbott Leadership Team Has the Experience, Competence, and Integrity to Serve as Counsel for the Class.**

There is no other proposed leadership group with more experience successfully litigating complex nationwide consumer class actions than proposed Interim Co-Lead Counsel and the PEC. The firms have successfully resolved, as lead or co-lead counsel, the largest antitrust, automobile, ERISA, and consumer case in U.S. history at the time. Ex. A to Declaration of Robert B. Carey at ¶¶ 5-7. In the aggregate, proposed Interim Co-Lead Counsel has recovered billions as lead or co-lead counsel for consumers across the country. *Id*.

The PEC and other firms supporting Interim Co-Lead Counsel are equally impressive, having been appointed lead or co-lead counsel in some of the most significant litigation in the country. *See* analysis *infra*. Like co-lead counsel, the proposed PEC has recovered hundreds of millions for consumers across the country as lead or co-lead counsel, but each firm has nonetheless agreed to let proposed Interim Co-Lead Counsel manage this case for the benefit of the putative class. The following highlights some of the more significant and recent accomplishments for proposed interim Co-Lead Counsel and the PEC.

1.     **Proposed Interim Co-Lead Counsel: Hagens Berman Sobol Shapiro**

Hagens Berman regularly litigates complex class actions throughout the country and in this District. The firm has served in leadership positions in hundreds of cases. This experience has allowed our firm to become uniquely skilled in managing multi-state and nationwide class actions through an organized, coordinated approach that implements an efficient prosecutorial strategy. In short, we maximize recoveries for the class through efficient and aggressive litigation. Below are a few examples of the firm's track record—a more complete summary is set forth in the firm resume included as Ex. A to the Declaration of Robert B. Carey.

- *In re Elec. Books Antitrust Litig*., 11-md-2293 DLC (S.D.N.Y.). We initiated the litigation as lead counsel against Apple and the largest brick-and-mortar publishers for antitrust violations related to e-book pricing.  The firm worked with the DOJ and 33 State Attorneys General to eventually recover as lead counsel $560 million, representing 200% of what consumers lost due to the unlawful pricing scheme.

- *In re Toyota Motor Corp. Unintended Acceleration Marketing, Sales Practices & Products Liability Litigation*, No. 8:10-ML-2151-JVS (S.D. Cal.) ("Toyota"). Hagens Berman was co-lead counsel for the economic loss classes in this MDL, which alleged that a defect caused vehicles to undergo sudden, unintended litigation. The resulting settlement valued at over $1.6 billion included $500 million in cash payments to class members, many of whom received checks for thousands of dollars; installation of a safety enhancing brake override

system on numerous vehicle models; and a program that substantially extended warranties. Hagens Berman has also been appointed lead or co-lead in other high profile vehicle cases, including *In re Volkswagen "Clean Diesel" Marketing, Sales Practices, & Products Liability Litigation*, No. 15-MD-02672-CRB (N.D. Cal.) (member of Plaintiffs' Steering Committee) and *In re General Motors LLC Ignition Switch Litigation*, No. 14-MD-2543 (JMF) (S.D.N.Y.).

- *In re Dynamic Random Access Memory (DRAM) Antitrust Litig*., MDL No. 1486 (N.D. Cal.). Hagens Berman recently served as co-lead counsel, recovering settlements exceeding $325 million for the direct purchaser class and earning praise from the Honorable Judge Phyllis Hamilton for counsel's skill, efficiency, and cooperation with other parties and the Court.

- *In re Visa Check/MasterMoney Antitrust Litig*, No. CV-96-5238 (E.D.N.Y.). Hagens Berman was appointed co-lead counsel in a case where merchants and three trade associations sued Visa and MasterCard, alleging that defendants created a tying arrangement in violation of § 1 of the Sherman Antitrust Act by means of their 'honor all cards' policy, which requires stores that accept defendants' credit cards to accept their debit cards as well. Plaintiffs also alleged that defendants attempted and conspired to monopolize the debit card market in violation of § 2 of the Sherman Act. Following affirmation of class certification by the Second Circuit, the parties ultimately settled the case on the eve of trial for approximately $3 billion.

- Attorney General Tobacco Litigation. In the historic litigation against the tobacco industry, the firm represented thirteen states and pursued innovative claims that helped achieve a global settlement of all cases for the largest recovery in litigation history—$260 billion. Only two law firms, including Hagens Berman, went to trial in these Attorney General actions.

Hagens Berman has a long history of working with the other attorneys to achieve outstanding results for its clients. Notably, all of the other attorneys supporting Hagens Berman for interim co-lead counsel, other than The Paynter Law Firm, filed suit against Welspun independently. And although the firm has worked with all of the firms in the past in some capacity, Hagens Berman had no contact with counsel for the other Abbott Plaintiffs or Aagaard Plaintiffs until

after they filed suit. The fact that each firm is now willing to support Hagens Berman as interim co-lead counsel after independently filing suit against Welspun illustrates the firm's reputation for hard-work, cooperation, and successful results.

Many courts have acknowledged Hagens Berman's class action leadership, excellence, and high ethical standards. Ninth Circuit Judge Mary H. Murguia praised the firm's legal skill when she was a district court judge and awarded the firm a multiplier for its leadership when awarding fees in the MDL *In re Lifelock, Inc. Marketing and Sales Practices Litigation*, MDL Docket No. 08-1977. In the Toyota litigation, *supra*, the Honorable James V. Selna commented that "Class counsel has consistently demonstrated extraordinary skill and effort." In appointing the firm as interim class counsel in *In re: Stericycle, Inc. v. Steri-Safe Contract Litigation*, MDL No. 2455, Senior Judge Milton I. Shadur of the Northern District of Illinois commented that counsel's "track record" was "impressive," and that the firm had "a substantial number of really outstanding big-ticket results." And in selecting Hagens Berman as lead counsel in *In re Optical Disk Drive Products Antitrust Litigation*, MDL No. 2143, the court stated: "[A] clear choice emerges. That choice is the Hagens Berman firm."

### 2. Proposed Interim Co-Lead Counsel: Steckler Gresham Cochran PLLC

Proposed Interim Lead Counsel Steckler Gresham Cochran is headquartered in Dallas, Texas, and focuses on complex commercial litigation, class actions, mass actions, and consumer cases across the country. The firm's named partners collectively have over a half-century of experience handling complex litigation and have served in lead and/or leadership positions in some of the most prominent cases throughout the country. The following is a brief summary of their achievements and the results obtained on behalf of their clients. A more complete copy of the firm's achievements is contained in the firm resume attached as Ex. A to the Declaration of Bruce W. Steckler.

- *In re Fresenius Granuflo/Naturalyte Dialysate Products Liability Litigation,* MDL 2428 (District of Massachusetts)

  Bruce Steckler was appointed by the Honorable Judge Woodlock to the Plaintiffs' Steering Committee, which recently reached a settlement of $250 million as a result of Fresenius' use of a dialysate that increased a risk of sudden cardiac death in patients.

- *In re Bank Overdraft Fee Litigation,* MDL 2036 (S.D. Fla.)

  Bruce Steckler was appointed by the Honorable Lawrence King to the Plaintiffs' Executive Committee and was co-lead counsel in the case against JP Morgan which resulted in a $110 million settlement for charging excessive overdraft fees to consumers. The total settlements achieved for consumers against the various bank Defendants totaled almost a billion dollars.

- *In re Chinese Drywall Litigation,* MDL 2047 (E.D. La.)

  Bruce Steckler was appointed by the Honorable Eldon Fallon to the Plaintiffs Steering Committee, which reached a historic settlement with a Chinese manufacturer of drywall on behalf of affected homeowners for a settlement with an estimated $1.3 billion dollar value to thousands of property owners. Mr. Steckler was instrumental in working cooperatively with both Plaintiffs and Defendants, obtaining settlement contributions from homebuilders and insurance companies in the litigation.

- *In re Easy Saver Rewards Litigation,* Case No. 3:09-cv-02094 (S.D. Ca.)

  Bruce Steckler was appointed lead counsel by the Honorable Anthony Battaglia and served as lead counsel who reached a settlement with Defendants that provides

a $38 million dollar value to consumers that were unwittingly enrolled in a "rewards program".

- *Lane's Gifts and Collectibles, LLC v. YAHOO! Inc., et al.*, Case No. CV-2005-52-1, Circuit Court of Miller County, Arkansas.

  Dean Gresham was appointed co-lead class counsel in this landmark class action for "Click Fraud" against Google and other search engines. The case resulted in an important reform of the Internet pay-per-click advertising industry. This was the first "click fraud" case filed and Mr. Gresham, as well as co-lead class counsel, represented a class of Internet advertisers that alleged they had been charged for illegitimate "clicks" on their online advertisements. The results were settlements totaling almost $100 million.

- *Matt Lovelis, et al. v. Titeflex Corp., Ward Manufacturing, Inc., OmegaFlex, Inc., and Parker Hannifin Corp.*, Case No. CIV-2004-211, Circuit Court of Clark County, Arkansas

  Dean Gresham was appointed co-lead class counsel in a consumer class action case, alleging corrugated stainless steel tubing used in residential and commercial construction was defective and certified a class action settlement that resulted in over $150 million value to class members.

- *Grammer, et al. v. Sunbeam Products, Inc.*, Case No. CV-2004-407-2 in the Circuit Court of Miller County, Arkansas

  Mr. Gresham was appointed co-lead class counsel in the case, alleging that Sunbeam manufactured over 30 million electric blankets that were defective. The case was settled after certification for more than $220 million.

The firm has been recognized not only by Courts for their work and results in complex consumer litigation, but by their peers as well. The firm's lawyers have consistently been

recognized in D Magazine's "Best Lawyers," Thompson Reuters "Texas Super Lawyer," mad Top 100 Trial Lawyers by The National Trial Lawyer's Association. The firm enjoys an "AV Preeminent" ratings by Martindale-Hubbell Law Directory, its highest peer rating.

Because the consolidated amended complaint will contain state-specific claims, Interim Co-Lead Counsel's experience in multiple jurisdictions will be particularly relevant here. Hagens Berman and Steckler Gresham Cochran have lawyers admitted in state and federal jurisdictions across the United States, including New York, California, Illinois, Texas, Colorado, North Carolina, Massachusetts, Pennsylvania, Louisiana, Missouri, Arizona, Washington, Oklahoma, Arkansas, and the District of Columbia. Their collective experience with consumer protection laws in those states and others will benefit the class and further the litigation.

**D.    Interim Co-Lead Counsels' knowledge of applicable law weighs heavily in support of appointing the Hagens Berman and Steckler Gresham Cochran as Interim Co-Lead Counsel.**

At its core this is a multi-state consumer fraud case against a multi-billion dollar company for selling premium linens that were falsely labeled as 100% Egyptian cotton. Because Defendant Welspun sold linens to retailers across the country, it is likely that other large corporations will be part of this litigation in the near future. Walmart has already been sued for selling mislabeled linens and the parties have agreed—as a result of negotiations led by Hagens Berman— to coordinate the case with the Welspun litigation. This complex case therefore requires counsel with knowledge of the relevant law in complex multi-defendant and multi-state suits involving federal consumer protections laws and the laws of all fifty states.

Interim Co-Lead Counsel are experts on issues related to choice of law and conflict of laws that are inherent in a case of this nature. Two recent cases litigated in the Southern District of New York illustrate Interim Co-Lead Counsel's knowledge of multi-state consumer protection

laws, including the inherent difficulty in asserting such claims.  This experience will allow them to efficiently and effectively manage this case.

Earlier this year, Hagens Berman resolved the E-books litigation, *supra*, as lead counsel. We initially filed suit against Apple, one of the largest corporations in the world, and five "brick and mortar" publishing companies for antitrust violations related to an e-books price fixing scheme.  The complexity of the case cannot be overstated. Hagens Berman worked with the DOJ and 33 State Attorneys General, representing purchasers of e-books in 19 states and four U.S. territories. The litigation lasted five years, involved diverse laws and interests, and was eventually appealed to the United States Supreme Court.  The result was a recovery for the class that exceeded their damages: $560 million dollar recovery on damages of approximately $280 million.

Similarly, Hagens Berman is currently co-lead counsel in *In re: General Motors LLC Ignition Switch Litigation* pending before the Honorable Jesse M. Furman. The case alleges that GM knew of serious safety defects in its vehicle ignition switches that led to numerous crashes and fatalities, but hid those defects for years. Consumers who purchased GM cars loss substantial value in their cars as the defects came to light. This massive case, as illustrated by the 1700 page complaint, involves hundreds of class actions and individual suits consolidated before Judge Furman for all pre-trial matters. Hagens Berman is also working closely with state and county entities to further state based claims against GM for the same conduct.

E-Books and GM illustrate Interim Co-Lead Counsel's experience in successfully managing complex consumer cases under the procedural laws of multiple jurisdictions, and their knowledge of relevant federal and state consumer protection laws in multi-state litigation.  *See also*, Ex. 1, Declaration of Robert B. Carey.

The individual attorneys working on this case are also extraordinary well versed in the law relevant to this case.

**Hagens Berman**:  The attorney leading this case at Hagens Berman is Robert B. Carey. Among other accomplishments, Mr. Carey teaches class actions at Arizona State University's

Sandra Day O'Connor School of law, authored several state sections of the ABA's Guide to Class Actions, chaired Arizona's Class Action and Derivative Lawsuit Section of the Arizona State Bar, and is regularly asked to speak on consumer protection matters at CLEs, universities, and symposia. Mr. Carey was also the former chief deputy of the Arizona Attorney General's office, which was a national leader in the consumer protection arena. At Hagens Berman, he has helped originate and further several of the firm's recent successes, including the litigation against Hyundai, General Motors and Toyota. Mr. Carey's resume is attached to Ex. 1, Declaration of Robert B. Carey as Ex. A, p. 15-16. Resumes for other Hagens Berman attorneys expected to work on this case are attached to Ex. 1, Declaration of Robert B. Carey as Ex. A, p. 17-19

**Steckler Gresham Cochran PLLC:** The attorney leading this case at Steckler Gresham Cochran is Bruce W. Steckler. He is licensed in Texas, Louisiana, New York, Pennsylvania and Missouri. He was appointed by the State Bar of Texas to serve on its Grievance Committee, and currently is an Emeritus member of the Board of the Dallas Trial Lawyers Association. He was recently recognized as co-finalist for the "Trial Lawyer of the Year 2012," an honor that is awarded to the attorneys who "made the greatest contribution to the public interest within the past year by trying or settling a precedent-setting or socially significant case." He was selected for the Plaintiff's Hot List in 2011 by the National Law Journal. He has been honored to be appointed by federal Courts throughout the United States to leadership positions, such as in *In re Chinese Drywall* (E.D. La.), *In Re Checking Account Overdraft Litigation* (S.D. Fla.), *In re Ford Fusion and C-Max Fuel Economy Litigation* (S.D.N.Y.), and *In re Fresenius Granuflo Dialysate Products Liability* (D. Mass.). Mr. Steckler's resume is attached as Ex. 2, p. 3. Backgrounds and achievements for Messers. Gresham and Cochran and other Steckler Gresham Cochran attorneys that may work on this case can be found at www.stecklerlaw.com.

**Plaintiffs' Executive Committee, The Paynter Law Firm PLLC:** The Paynter Law Firm ("PLF") has extensive experience with complex commercial class action litigation. Principal Stuart M. Paynter, as well as New York barred attorney Jennifer McCullough are alumni of Sullivan & Cromwell and bring that unique experience to the litigation. Since its

founding in 2007, PLF has recovered over $100 million for its clients. Notable cases include *In re NCAA Player Name and Likeness Licensing Litigation*, No. 4:09-cv-1967 CW (N.D. Cal.), in which PLF represented a class of NCAA student-athletes against the NCAA and Electronic Arts, alleging those entities had unlawfully used the names and likenesses of NCAA student athletes in sports videogames distributed by Electronic Arts. The class reached a $60 million combined settlement with the NCAA and Electronic Arts, representing the first time in history the NCAA has payed student athletes for the use of their likeness. PLF is adept at employing complex legal strategies to maximize their clients' recoveries. For example, in litigation against a now defunct payment processor, PLF successfully obtained a class-wide default judgment, executed on that judgment to obtain the payment processor's claims against its own surety companies, and was able to recover millions on behalf of consumers. Relevant to this action, PLF has experience litigating against foreign entities, including familiarity with the legal issues surrounding the deposition of foreign witnesses and currently represents plaintiffs in a complex intellectual property dispute against a British gaming company. The Firm's resume is attached as Ex. B to the Declaration of Robert B. Carey.

**McCune Wright Arevalo LLP:** McCune Wright Arevalo is a nationally recognized litigation firm with offices in Redlands, California and Berwyn, Pennsylvania. McCuneWright has extensive experience in complex commercial and consumer fraud class actions. Recently, McCune Wright Arevalo secured a judgment exceeding $200 million on behalf of a class of bank customers who were charged excessive overdraft fees. McCune Wright Arevalo has eleven attorneys and is fully committed to devoting every resource necessary to prosecute this case.

Joseph Sauder is a partner at McCune Wright Arevalo and has a history of successfully prosecuting complex class action cases in leadership roles.   As lead counsel, Mr. Sauder has successfully prosecuted numerous complex class action cases that have conferred substantial benefits upon class members, including *In re Checking Account Overdraft Litig.*, 1:09-MD-02036-JLK (S.D. Fla.): (achieved a $55 million settlement against U.S. Bank and a $14.5 million

settlement against Comerica Bank.) *Henderson v. Volvo Cars of North America, LLC*, No. 2:09-cv-04146-CCC-JAD (D.N.J.) (served as a lead counsel in settlement class of over 90,000 class members). *Physicians of Winter Haven LLC, d/b/a Day Surgery Center v. STERIS Corp.*, No. 1:10-cv-00264-CAB (N.D. Ohio) (served as a lead counsel and achieved a $20 million settlement on behalf of hospitals and surgical centers).

**E.     The Abbott leadership team has unparalleled resources to commit to obtaining an optimal result for the class.**

Proposed Interim Co-Lead Counsel can call upon dozens of attorneys in states across the country to assist in litigating this multi-state action.  The proposed leadership structure therefore creates a critical mass of readily available talent to call upon as necessary. The use of co-lead counsel, however, ensures that talent is used efficiently and only for the benefit of the class.  If during the course of litigation it appears there are dissimilar interests between putative class members, Interim Co-Lead Counsel can appoint a PEC member to represent those interests in decision making.  MANUAL § 10-221.  Proposed Interim Co-Lead Counsel and the PEC have also agreed to split costs equitably, giving the class the financial resources to litigate this case using the same quality experts, research, discovery, and trial presentation tools as defendant.  In short, the proposed leadership structure puts the putative class on equal footing as defendants which, in turn, gives the class the best opportunity for an outstanding recovery.

### III.     CONCLUSION

For all the reasons stated above, the Abbott Plaintiffs respectfully requests this Court appoint Hagens Berman Sobol Shapiro and Steckler Gresham Cochran PLLC as Interim Co-Lead Counsel, and appoint McCune Wright LLP and the Paynter Law Firm to the Plaintiffs' Executive Committee to help oversee the litigation and address any perceived conflicts. The Abbott Plaintiffs have lodged a proposed order with the Court.

Dated: December 9, 2016.                    Respectfully submitted,

                                            HAGENS BERMAN SOBOL SHAPIRO LLP


                                            By:    s/ Robert B. Carey
                                            _____

                                            Robert B. Carey (pro hac vice)
                                            Leonard W. Aragon (pro hac vice)
                                            HAGENS BERMAN SOBOL SHAPIRO LLP
                                            11 West Jefferson Street, Suite 1000
                                            Phoenix, Arizona 85003
                                            Telephone:  (602) 840-5900
                                            Facsimile:  (602) 840-3012
                                            rob@hbsslaw.com
                                            leonard@hbsslaw.com

                                            Jason A. Zweig
                                            555 Fifth Avenue, Suite 1700
                                            New York, NY 10017
                                            Telephone: (212) 752-5455
                                            Facsimile: (212) 210-3980
                                            jasonz@hbsslaw.com

                                            Stuart M. Paynter (pro hac vice pending)
                                            THE PAYNTER LAW FIRM PLLC
                                            1200 G. Street NW, Suite 800
                                            Washington, D.C.  20005
                                            Telephone: (202) 626-4486
                                            Facsimile: (866) 734-0622
                                            stuart@paynterlawfirm.com


                                            *Attorneys for Plaintiff Meghan Abbot*


Dated: December 9, 2016.                    Respectfully submitted,

                                            MCCUNEWRIGHT, LLP


                                            By:    s/ Joseph G. Sauder
                                            _____


                                            Joseph G. Sauder
                                            Matthew D. Schelkopf
                                            Joseph B. Kenney

- 16 -

555 Lancaster Ave
Berwyn, Pennsylvania 19312
Telephone: (610) 200-0580
jgs@mccunewright.com
mds@mccunewright.com
jbk@mccunewright.com

*Attorneys for Plaintiff Ursula Keep*

*t*

**CERTIFICATE OF SERVICE**

I hereby certify that on December 9, 2016, I electronically filed the foregoing document using the CM/ECF system which will send notification of such filing to the e-mail addresses registered in the CM/ECF system, as denoted on the Electronic Mail Notice List, and I hereby certify that I have mailed a paper copy of the foregoing document via the United States Postal Service to the non-CM/ECF participants indicated on the Manual Notice List generated by the CM/ECF system.

*s/ Robert B. Carey*
_____
ROBERT B. CAREY