UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

USDS SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 12/12/16

MEGHAN ABBOTT,
                  Plaintiff,

-v-

WELSPUN INDIA LTD. and WELSPUN USA INC.,
                  Defendants.

HAROLD BROWER, JUDI TALILI, and SAMUEL JIVIDEN,
                  Plaintiffs,

-v-

WELSPUN INDIA LTD. and WELSPUN USA INC.,
                  Defendants.

URSULA KEEP,
                    Plaintiff,

-v-

WELSPUN INDIA LTD. and WELSPUN USA INC.,
                  Defendants.

No. 16-cv-6792 (RJS)
No. 16-cv-7318 (RJS)
No. 16-cv-9133 (RJS)
ORDER

RICHARD J. SULLIVAN, District Judge:

    The above-captioned putative class actions – *Abbott v. Welspun India LTD. et al.*, No. 16-cv-6792 (RJS), *Brower et al. v. Welspun India LTD. et al.*, No. 16-cv-7318 (RJS), and *Keep v. Welspun India LTD. et al.*, No. 16-cv-9133 (RJS) – have been reassigned to my docket. (16-cv-6792, Dkt. Entry dated Dec. 7, 2016; 16-cv-7318, Dkt. Entry dated Dec. 7, 2016; 16-cv-9133, Dkt. Entry dated Dec. 7, 2016 (the "Cases").) As such, the Court is now in receipt of the parties' joint letter, dated December 5, 2016, providing a status update and proposing next steps with respect to

these Cases, as well as a related matter, *Monahan v. Wal-Mart Stores Inc.*, No. 16-cv-8662 (RJS), which was likewise reassigned to my docket (Dkt. Entry dated Dec. 7, 2016), and a similar action, *Aasgaard v. Welspun USA, Inc.*, No. 16-cv-1408 (E.D. Mo.), which is currently pending in the Eastern District of Missouri. (*See* 16-cv-6792, Doc. No. 27; 16-cv-7318, Doc. No. 27; 16-cv-9133, Doc. No. 13 ("Joint Letter").) The Court is further in receipt of the joint application, dated December 9, 2016, for appointment of Hagens Berman Sobol Shapiro LLP and Steckler Gresham Cochran PLLC as interim co-lead counsel for the putative class (16-cv-6792, Doc. No. 29), and a letter, dated December 12, 2016, requesting a pre-motion conference regarding the contemplated application for appointment of Bursor & Fisher, P.A. as interim class counsel (16-cv-7318, Doc. No. 26). The Court addresses each as set forth below.

As an initial matter, as stated in the Joint Letter, all parties agree that the Cases should be consolidated into a single putative class action. (Joint Letter at 2.) Pursuant to Federal Rule of Civil Procedure 42(a), a district court may "consolidate" two or more actions that "involve a common question of law or fact." Fed. R. Civ. P. 42(a)(2); *see Devlin v. Transp. Commc'ns Int'l Union*, 175 F.3d 121, 130 (2d Cir. 1999); *Johnson v. Celotex Corp.*, 899 F.2d 1281, 1284 (2d Cir. 1990). District courts have "broad discretion to determine whether consolidation is appropriate," *Johnson*, 899 F.2d at 1284, but this discretion is "not unfettered," and, therefore, "[c]onsiderations of convenience and economy must yield to a paramount concern for a fair and impartial trial," *id.* at 1285. Here, as noted above, the parties consent to consolidation. (Joint Letter at 2.) Moreover, the Court finds that consolidation is appropriate under Rule 42(a), since the complaint in each of these Cases asserts essentially identical factual allegations and legal claims. (*Compare* 16-cv-6792, Doc. No. 1 *with* 16-cv-7318, Doc. No. 1, *and* 16-cv-9133, Doc. No. 1.) Accordingly, IT IS HEREBY ORDERED THAT the Cases shall be consolidated under the caption *In re Welspun*

*Litigation*, No. 16-cv-6792 (RJS). The Clerk of Court is respectfully directed to close the actions numbered 16-cv-7318 (RJS) and 16-cv-9133 (RJS).

In a similar vein, the Joint Letter states that the plaintiffs in *Aasgaard* intend to voluntarily dismiss their Eastern District of Missouri case and, instead, pursue their claims through the amended complaint that Plaintiffs contemplate filing in this Court. (Joint Letter at 2.) As such, IT IS HEREBY ORDERED THAT, by December 15, 2016, the *Aasgaard* plaintiffs shall file a motion to intervene pursuant to Rule 24 of the Federal Rules of Civil Procedure in the newly-consolidated *In re Welspun Litigation*. Furthermore, all parties agree that *Monahan* should be coordinated with *In re Welspun Litigation* for purposes of discovery and other pretrial scheduling, if not ultimately consolidated into the same action, since it "raises the same core allegations." (*Id.* at 3–4.) Indeed, in light of the overlapping facts, legal claims, and attorneys, *Monahan* has already been designated as a related case. Accordingly, IT IS FUTHER ORDERED THAT *Monahan* shall be coordinated for all pretrial purposes, including discovery and scheduling.

Turning to the selection of interim class counsel, the Court FURTHER ORDERS THAT, by December 15, 2016, Plaintiffs shall file their contemplated motions for appointment as interim class counsel and opening briefs in support. Any party wishing to respond to such motions shall do so by December 22, 2016, and replies, if any, shall be filed by December 28, 2016.

With respect to the parties' contemplated pleadings, IT IS FUTHER ORDERED THAT, within 30 days of the appointment of interim class counsel, Plaintiffs shall file a consolidated amended complaint ("CAC"). IT IS FURTHER ORDERED THAT, within 30 days of such filing, Defendants shall either answer the CAC, or, if Defendants intend to move to dismiss the amended pleading, they shall file a pre-motion letter pursuant Rule 2.A of the Court's Individual Rules and Practices.

Moreover, IT IS FURTHER ORDERED THAT, within 30 days of the filing of the CAC, the parties shall propose a case management plan and scheduling order, which shall prescribe a coordinated discovery plan and pretrial schedule for all parties in both *Monahan*, No. 16-cv-8662, and *In re Welspun India LTD. Litigation*, No. 16-cv-6792. In addition, IT IS FURTHER ORDERED THAT, within 30 days of the filing of the CAC, the parties shall jointly file an updated status letter, not to exceed 5 pages, providing a brief description of all outstanding motions and/or outstanding requests to file motions; a brief description of any discovery that has already taken place, and that which will be necessary for the parties to engage in meaningful settlement negotiations; a list of all prior settlement discussions, if any, including the date, the parties involved, and the approximate duration of such discussions; and any other information that may assist the Court in resolving this action.

SO ORDERED.

Dated:     December 12, 2016
             New York, New York

_____
RICHARD J. SULLIVAN
UNITED STATES DISTRICT JUDGE