UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| |
|---|
| *IN RE WELSPUN LITIGATION* |

No. 16-cv-6792 (RJS)
ORDER

RICHARD J. SULLIVAN, District Judge:

On December 12, 2016, the Court consolidated the putative class actions – *Abbott v. Welspun India LTD. et al.*, No. 16-cv-6792 (RJS), *Brower et al. v. Welspun India LTD. et al.*, No. 16-cv-7318 (RJS), and *Keep v. Welspun India LTD. et al.*, No. 16-cv-9133 (RJS) – into the above-captioned case pursuant to Rule 42(a) of the Federal Rules of Civil Procedure. (Doc. No. 30.) On December 29, 2016, the Court granted the motion to intervene brought by Elise Aasgaard, Nicole Jauer Reynolds, and Michelle Blair pursuant to Rule 24(b) of the Federal Rules of Civil Procedure. (Doc. No. 50.) Now before the Court are the applications for appointment as interim lead counsel for the putative class pursuant to Rule 23(g)(3) brought by (1) Hagens Berman Sobol Shapiro LLP and Steckler Gresham Cochran PLLC (together, "Hagens") jointly (Doc. No. 29), and (2) Bursor & Fisher P.A. ("Bursor") (Doc. Nos. 32, 34). For the reasons set forth below the Bursor Application is granted, and the Hagens Application is denied.

Rule 23(g)(3) of the Federal Rules of Civil Procedure authorizes a court to "designate interim counsel to act on behalf of a putative class before determining whether to certify the action as a class action." Fed. R. Civ. P. 23(g)(3). "'[D]esignation of interim counsel clarifies responsibility for protecting the interests of the class during precertification activities, such as making and responding to motions, conducting any necessary discovery, moving for class certification, and negotiating settlement.'" *In re: Interest Rate Swaps Antitrust Litig.*, No. 16-MC-2704 (PAE), 2016 WL 4131846, at *2–3 (S.D.N.Y. Aug. 3, 2016) (quoting *Manual For Complex Litigation (Fourth)* § 21.11 (2004) ("*MCC*")). "By placing these responsibilities in the hands of

one or a small group of counsel," the selection of interim lead counsel is meant to permit multiple cases "in which common questions predominate to be prosecuted simultaneously," thus avoiding "duplicated efforts" and "wasted resources." *See In re Auction Houses Antitrust Litig.*, 197 F.R.D. 71, 75 (S.D.N.Y. 2000).

In assessing whether and how to appoint interim class counsel, the Court considers, among other things: "'(i) the work counsel has done in identifying or investigating potential claims; (ii) counsel's experience in handling class actions, other complex litigation, and the types of claims asserted in the action; (iii) counsel's knowledge of the applicable law; and (iv) the resources counsel will devote to representing the class.'" *In re LIBOR-Based Fin. Instruments Antitrust Litig.*, No. 11-md-2262 (NRB), 2011 WL 5980198, at *2 (S.D.N.Y. Nov. 29, 2011) (quoting Rule 23(g)(1)(A)); *In re Mun. Derivatives Antitrust Litig.*, 252 F.R.D. 184, 186 (S.D.N.Y. 2008) (same). "When more than one choice of counsel satisfies these requirements for adequacy," the Court is required to "appoint the applicant best able to represent the interests of the plaintiffs." *In re Mun. Derivatives Antitrust Litig.*, 252 F.R.D. at 186 (internal quotation marks omitted).

Here, both the Hagens firms and Bursor firm have done significant work in investigating potential claims; have extensive experience in handling class actions and complex litigation, including products liability and consumer protection cases; appear to have knowledge of applicable law; and have extensive resources. (*See* Doc. Nos. 29, 34.) Therefore, the Court finds that both the Bursor and Hagens proposals satisfy the requirements under Rule 23(g)(1)(A).[1]

---

[1] Both Bursor and Hagens devote much of their briefing to disparaging each other and detailing their rival firms' sanctions records. The Court is indeed concerned that both applicants have less-than-stellar disciplinary histories. In a suit in the Eastern District of Pennsylvania, Hagens Berman Sobol Shapiro LLP was sanctioned after the court found that in prosecuting certain claims, the firm "felt no obligation to remain tethered to the truth" and that "[c]lear and convincing evidence show[ed] that the firm's bad faith and intentional misconduct undoubtedly and unnecessarily increased the costs of litigating" the action. *Johnson v. Smithkline Beecham Corp.*, No. 11-cv-5782, 2015 WL 1004308, at *14 (E.D. Pa. Mar. 9, 2015). In addition, Judge Rakoff sanctioned Bursor for filing an amended complaint that joined certain parties, notwithstanding the fact that the court had previously denied leave to join such parties. *See Ebin v. Kangadis Foods*, 13-cv-2311 (JSR), Doc. No. 123 (S.D.N.Y. Apr. 4, 2014). Needless to say, this Court will not tolerate bad faith or gamesmanship of any kind in this case.

Accordingly, the Court must rely on other factors in determining which applicant is best able to represent Plaintiffs' interests. Here, the two applications differ significantly in their proposed leadership structure. The Bursor Application calls for a single firm, Bursor & Fisher LLP, to serve as lead counsel. (Doc. No. 34 at 1.) The Hagens Application calls for two firms – Hagens Berman Sobol Shapiro LLP and Steckler Gresham Cochran PLLC – to co-lead a larger executive committee comprised of two additional firms. (Doc. No. 29 at 1.) However, the Hagens application fails to explain why this straightforward case, which consolidates a mere four suits involving essentially identical factual allegations, requires the convoluted leadership structure proposed by Hagens. Indeed, the Court is concerned that the involvement of so many different firms would lead to the kind of "duplicated efforts" and "wasted resources" that the appointment of lead counsel is meant to avoid. *See In re Auction Houses Antitrust Litig.*, 197 F.R.D. at 75; *see also Finocchiaro v. NQ Mobile, Inc.*, No. 15-cv-6385 (NRB), 2016 WL 7031613, at *4 (S.D.N.Y. Dec. 1, 2016) (noting that "appointing multiple firms raises real risks of duplication of effort and unnecessary attorneys' fees"); *Michelle v. Arctic Zero, Inc.*, No. 12-cv-2063 (GPC) (NLS), 2013 WL 791145, at *4 (S.D. Cal. Mar. 1, 2013) (finding that plaintiff "has not demonstrated that a committee of counsel is necessary to effectively and efficiently prosecute this action, while avoiding unnecessary costs and duplication of efforts"). For this reason, the Court finds that Bursor would better represent Plaintiffs' interests due to the waste and inefficiency likely to result from Hagens's convoluted multi-firm structure.[2]

---

[2] While Hagens argues that it is better equipped to handle "significant discovery in a foreign country" (Doc. No. 44 at 2, 7), Hagens fails to explain why four firms are required to oversee this task, which is routinely undertaken by lawyers in this District. And while Hagens also argues that "the use of an executive committee will ensure that any unique interests or positions that arise, such as new defendants or state-specific interests" are protected (Doc. No. 29 at 2), the Court finds this argument to be highly speculative at this stage. In short, Hagens has provided no basis for concluding that Bursor is incapable or even less capable of representing Plaintiffs' interests in this litigation.

Accordingly, IT IS HEREBY ORDERED that Bursor & Fisher LLP is appointed interim lead counsel pursuant to Rule 23(g)(3) of the Federal Rules of Civil Procedure. The Clerk is respectfully directed to terminate the motions pending at docket numbers 29 and 32.

As set forth in the Court's Order, dated December 12, 2016, Plaintiffs shall file a consolidated amended complaint ("CAC") no later than February 27, 2017, and Defendants shall, within 30 days of such filing, either answer the CAC, or, if Defendants intend to move to dismiss the amended pleading, file a pre-motion letter pursuant Rule 2.A of the Court's Individual Rules and Practices.

As will be set forth in separately docketed orders, the Court will amend the orders of reference in this case (Doc. No. 8) and in the related case, *Monahan v. Wal-Mart Stores, Inc.*, 16-cv-8662 (RJS), Doc. No. 6 (S.D.N.Y. Nov. 15, 2016). Specifically, these matters are referred to Magistrate Judge Freeman for settlement purposes only; the Court will otherwise oversee all other aspects of the cases, which will be conducted in accordance with the Court's Individual Rules and Practices, available at: http://www.nysd.uscourts.gov/judge/Sullivan.

SO ORDERED.

Dated: January 26, 2017
New York, New York

RICHARD J. SULLIVAN
UNITED STATES DISTRICT JUDGE

USDS SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 1/26/17