# BURSOR & FISHER
P.A.

888 SEVENTH AVENUE
NEW YORK, NY 10019
www.bursor.com

SCOTT A. BURSOR
Tel: 212.989.9113
Fax: 212.989.9163
scott@bursor.com

March 10, 2017

*By ECF and Email*

The Honorable Richard J. Sullivan
U.S. District Court for the Southern District of New York
Thurgood Marshall United States Courthouse
40 Foley Square
New York, NY 10007
sullivannysdchambers@nysd.uscourts.gov

USDS SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 3/10/17

Re:   *In re Welspun Litigation*, Case No. 1:16-cv-06792-RJS-DCF
      [Rel. Case No. 16-cv-08662-RJS-DCF]

Dear Judge Sullivan:

      Pursuant to Rule 2.A of Your Honor's Individual Rules and Practices, Plaintiffs respectfully request a pre-motion conference regarding their intended motion under Rule 42(a) for an order consolidating related case *Monahan v. Wal-Mart Stores, Inc.*, No. 16-cv-08662-RJS-DCF ("*Monahan*") with this action, *In re Welspun Litigation*.

      On January 26, 2017, Your Honor appointed my firm to serve as Plaintiffs' Interim Class Counsel. Dkt. No. 58. We have been working with Defendants Welspun USA, Inc. and Wal-Mart Stores, Inc. to eliminate waste and inefficiency and, accordingly, they both join this request to consolidate *Monahan* with *In re Welspun Litigation*. Plaintiff Monahan opposes this request.

## I. Procedural Background

      In August and September 2016, four consumer class actions were filed against Welspun USA, Inc. and Welspun India LTD (collectively, "Welspun") alleging that Welspun misrepresented its linen products as "100% Egyptian Cotton" even though they are not 100% Egyptian cotton. *See Abbott v. Welspun India LTD. et al.*, No. 16-cv-6792 (RJS), *Brower et al. v. Welspun India LTD. et al.*, No. 16-cv-7318 (RJS), *Keep v. Welspun India LTD. et al.*, No. 16-cv-9133 (RJS), and *Aasgaard v. Welspun USA, Inc.*, No. 16-cv-1408 (E.D. Mo.).

      On November 8, 2016, counsel for plaintiff in the *Abbott* action filed a fifth action, *Monahan v. Wal-Mart Stores, Inc.*, No. 16-cv-08662, in this District.

      On December 12, 2016, the Court consolidated the consumer class actions against Welspun into *In re Welspun Litigation*, No. 16-cv-6792 (RJS). *See* Dkt. No. 30. The Court also ordered *Monahan* to be coordinated with *In re Welspun Litigation*:

MEMO ENDORSED

BURSOR&FISHER

PAGE 2

> Furthermore, all parties agree that *Monahan* should be coordinated with *In re Welspun Litigation* for purposes of discovery and other pretrial scheduling, if not ultimately consolidated into the same action, since it 'raises the same core allegations.' ... Indeed, in light of the overlapping facts, legal claims, and attorneys, *Monahan* has already been designated as a related case. Accordingly, IT IS FURTHER ORDERED THAT *Monahan* shall be coordinated for all pretrial purposes, including discovery and scheduling.

Dkt. No. 30 at 3.

On January 24, 2017, counsel for the plaintiff in the *Abbott* action filed a sixth action in the Southern District of Florida. *See Blair v. Bed Bath & Beyond, Inc.*, No. 0:17-cv-60178-DMM (S.D. Fla.). On February 21, 2017, Defendant Bed Bath & Beyond, Inc. moved to dismiss *Blair* for lack of personal jurisdiction and/or improper venue; alternatively, it asked to transfer *Blair* to this District or stay it in deference to *In re Welspun Litigation* because the claims and putative class in *Blair* are subsumed by the claims and putative class in *In re Welspun Litigation*. *See Blair*, No. 17-cv-60178-DMM, Dkt. No. 13.

On February 27, 2017, Plaintiffs filed with this Court their Consolidated Amended Complaint ("CAC"). *See* Dkt. No. 60. The CAC adds four new parties: Plaintiff Ashley Mistler, Defendant Wal-Mart Stores, Inc., Defendant Bed Bath and Beyond, Inc., and Defendant Target Corporation. *Id.*

Pursuant to Your Honor's January 26, 2017 Order, Defendants' response to the CAC is due March 29, 2017. *See* Dkt. No. 58 at 4. Additionally, a joint status letter and the parties' proposed case management plan and scheduling order will be filed by March 29, 2017. *See* Dkt. No. 30 at 4. As the case management plan will describe, the parties propose a phased approach to discovery, beginning with discovery designed to facilitate possible settlement via mediation. The parties expect to seek a stay of all other deadlines, including the deadline for Defendants' response to the CAC, during this brief time so that they may focus on a potential early resolution.

**II. Argument**

Fed. R. Civ. P. 42(a) provides that where the "actions before the court involve a common question of law or fact, the court may: (1) join for hearing or trial any or all matters at issue in the actions; (2) consolidate the actions; or (3) issue any other orders to avoid unnecessary cost or delay." Fed. R. Civ. P. 42(a). The Second Circuit has held that "Rule 42 should be liberally employed 'to expedite trial and eliminate unnecessary repetition and confusion.'" *Szymtzak v. Nissan N. Am., Inc.*, 2012 WL 1877306, at *1 (S.D.N.Y. May 15, 2012) (quoting *Devlin v. Transp. Commc'n Int'l Union*, 175 F.3d 121, 130 (2d Cir. 1999)). "The trial court has broad discretion to consolidate actions under Rule 42(a)." *Hansen v. Ferrellgas Partners, L.P.*, 2017 WL 281742, at *2 (S.D.N.Y. Jan. 19, 2017) (citing *Johnson v. Celotex Corp.*, 899 F.2d 1281,

BURSOR & FISHER

PAGE 3

1284 (2d Cir. 1990)). In exercising its discretion, a district court must weigh the efficiency gains against the risk of prejudice to the parties and possible confusion of the issues. *Johnson*, 899 F.2d at 1285.

Here, there is no question that Plaintiffs' claims share common questions of law and fact with *Monahan*. The claims in *Monahan* are virtually identical to the claims in Plaintiffs' CAC and the proposed class in *Monahan* is subsumed by the putative classes in Plaintiffs' CAC. Consistent with Your Honor's Consolidation Order dated December 12, 2016, these actions should be consolidated to avoid any further waste and inefficiency from duplicative litigation.

Respectfully submitted,

*/s/ Scott A. Bursor*

Scott A. Bursor

CC:  All counsel of record (via ECF)
Leonard W. Aragon (leonard@hbsslaw.com)
Robert B. Carey (rob@hbsslaw.com)
Jason A. Zweig (jasonz@hbsslaw.com)
Jennifer L. Murray (jmurray@paynterlawfirm.com)
Mark S. Cohen (mcohen@cohengresser.com)
Nathaniel P. T. Read (NRead@CohenGresser.com)

IT IS HEREBY ORDERED that Plaintiff Monahan shall submit a response no later than March 15, 2017 that conforms with Rule 2.A of the Court's Individual Rules and Practices.

SO ORDERED
Dated: 3/10/17
RICHARD J. SULLIVAN
U.S.D.J.