

**888 SEVENTH AVENUE**
**NEW YORK, NY 10019**
**www.bursor.com**

**SCOTT A. BURSOR**
Tel: **212.989.9113**
Fax: **212.989.9163**
scott@bursor.com

March 13, 2017

*By ECF and Email*

The Honorable Richard J. Sullivan
U.S. District Court for the Southern District of New York
Thurgood Marshall United States Courthouse
40 Foley Square
New York, NY 10007
sullivannysdchambers@nysd.uscourts.gov

  *Re:* *In re Welspun Litigation*, Case No. 1:16-cv-06792-RJS-DCF

Dear Judge Sullivan:

  Pursuant to Rule 2.A of Your Honor's Individual Rules and Practices, Plaintiffs respectfully request a pre-motion conference regarding their intended motion under Fed. R. Civ. P. 4(f)(3) for an order authorizing alternative service on Defendant Welspun India Ltd. ("Welspun India").

  Specifically, Plaintiffs seek an order authorizing service on Welspun India through one or more of the following methods: (a) service on Welspun USA, Inc. ("Welspun USA"), a subsidiary and co-defendant of Welspun India that has already appeared in this matter; (b) service on Welspun USA's counsel in this matter, Kirkland & Ellis; or (c) service by facsimile and email at the contact information provided on Welspun India's website. Granting this relief will allow Plaintiffs to serve Welspun India immediately. In contrast, formal service via the Hague Convention protocols will take up to six months to complete.

  **I.** **Procedural Background**

  On December 12, 2016, this Court consolidated as *In re Welspun Litigation* four consumer class actions against Welspun USA and Welspun India (collectively, "Welspun"), alleging that Welspun misrepresented that its linen products are "100% Egyptian Cotton." *See* Dkt. No. 30. On February 27, 2017, Plaintiffs filed the currently-operative Consolidated Amended Complaint ("CAC"). *See* Dkt. No. 60. Welspun USA's response to the CAC, a joint status letter, and the parties' proposed case management plan and scheduling order are currently due March 29, 2017. Dkt. No. 30 at 4; Dkt. No. 58 at 4. Welspun India is the only defendant named in the CAC who has not yet been served.

  On March 2, 2017, Plaintiffs' counsel asked counsel for Welspun USA's to accept service on behalf of Welspun India. However, on March 8, 2017, Plaintiffs were informed that

Welspun India would not authorize Welspun USA's counsel to do so. Accordingly, Plaintiffs have commenced the process of formally serving Welspun India at its headquarters in Mumbai, India, pursuant to the Hague Convention and Fed. R. Civ. P. 4(f)(1). Plaintiffs have been informed, however, that formal service of process through the Indian Central Authority typically takes four to six months.

## II. Argument

Fed. R. Civ. P. 4(f) permits service on foreign defendants "(1) by any internationally agreed means of service that is reasonably calculated to give notice, such as those authorized by the Hague Convention . . ." or, alternatively, "(3) by other means not prohibited by international agreement, as the court orders." Fed. R. Civ. P. 4(f)(1), (3). "Service of process under Rule 4(f)(3) is neither a last resort nor extraordinary relief. It is merely one means among several which enables service of process on an international defendant." *F.T.C. v. PCCare247, Inc.*, 2013 WL 841037, at *6 (S.D.N.Y. Mar. 7, 2013) (internal quotation omitted) ("*PCCare247*"). "Nothing in Rule 4(f) itself or controlling case law suggests that a court must always require a litigant to first exhaust the potential for service under the Hague Convention before granting an order permitting alternative service under Rule 4(f)(3)." *GLG Life Tech Corp. Secs. Litig.*, 287 F.R.D. 262, 266 (S.D.N.Y. 2012). "The decision of whether to order service of process under Rule 4(f)(3) is committed to the sound discretion of the district court." *United States v. Lebanese Canadian Bank,* 285 F.R.D. 262, 266 (S.D.N.Y.2012).

Here, each of the proposed methods of alternative service is consistent with methods of service authorized by other courts adjudicating claims against foreign companies, including companies in India. *See*, *e.g.*, *Richmond Techs., Inc. v. Aumtech Business Solutions*, 2011 WL 2607158, at *14 (N.D. Cal. June 22, 2016) (authorizing alternative service on domestic counsel in action against Indian defendant); *PCCare247*, 2013 WL 841037, at *6 (authorizing alternative service via email in action against Indian defendant). Accordingly, in order to avoid the delay and inefficiency associated with formal service of process via the Hague Convention, the Court should permit Plaintiffs to serve Welspun India through its subsidiary Welspun USA, Welspun USA's counsel in this action, and/or by fax and email.

Respectfully submitted,

Scott A. Bursor

CC: All counsel of record (via ECF)