IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| *In re Welspun Litigation* | Civil Action No.: 1:16-cv-06792-RJS-DCF <br><br> [~~PROPOSED~~] CASE MANAGEMENT AND SCHEDULING ORDER |

RICHARD J. SULLIVAN, District Judge:

Pursuant to Rules 16-26(f) of the Federal Rules of Civil Procedure, the Court hereby adopts the following Case Management Plan and Scheduling Order.

1. All parties do not consent to disposition of this case by a Magistrate Judge, pursuant to 28 U.S.C. § 636(c).

2. Claims that provide the right to a jury are to be tried by a jury.

3. No additional parties may be joined except with leave of the Court.

4. Amended pleadings may not be filed except with leave of the Court.

5. Initial disclosures pursuant to Rule 26(a)(1) shall be completed no later than April 14, 2017.

6. Mediation

   a. Counsel for those parties that have made an appearance in this action (the "Parties") have discussed holding a settlement conference before Magistrate Judge Freeman. The Parties do not request a settlement conference before a United States Magistrate Judge.

   b. The Parties have agreed to use a private mediator and have selected Stephen M. Orlofsky, former judge for the U.S. District Court, District of New Jersey, to serve as a mediator in this action.

   c. Subject to the availability of the mediator, the Parties shall complete mediation by July 14, 2017.

7. All *document* discovery as to damages for purposes of mediation is to be completed no later than June 9, 2017.

8.     The Parties are to conduct discovery in accordance with the Federal Rules of Civil Procedure and the Local Rules of the Southern District of New York.

    a.     Initial requests for production of documents as to damages for purposes of mediation to be served by April 7, 2017.

    b.     Interrogatories as to damages for purposes of mediation to be served by May 19, 2017.

    c.     Substantial completion of document production as to damages for purposes of mediation, with custodian log (including e-discovery), shall be made no later than May 27, 2017. Documents shall be produced on a rolling basis at reasonable intervals.

    d.     Notwithstanding paragraph 13 below, the Parties may agree to extend the above deadlines (including the deadline in paragraph 7) once for up to 30 days without leave of the Court if they have good cause to do so.

9.     The Court will conduct a post-mediation conference on __7/28/17 at 12:30 p.m.__ [*To be completed by the Court*]. The Parties shall meet and confer on a post-mediation schedule no later than 14 days prior to the post-mediation conference, and shall propose a schedule to the Court no later than 7 days prior to the post-mediation conference.

10.     Related Cases: While the Court was in the process of consolidating the consumer cases against Welspun and appointing interim lead class counsel, two additional cases were filed against retailers who sold Welspun products. On November 8, 2016, *Monahan v. Wal-Mart Stores, Inc.*, No. 16-cv-08662 was filed in this District. On January 24, 2017, a second retailer case, *Blair v. Bed Bath & Beyond, Inc.*, No. 0:17-cv-60178-DMM, was filed in the Southern District of Florida.

On March 22, 2017, this Court granted Plaintiffs' motion to consolidate *Monahan* under the caption *In re Welspun Litigation*, No. 16-cv-6792 (RJS).

In *Blair*, Defendant Bed, Bath & Beyond ("BB&B") moved to dismiss for lack personal jurisdiction and/or improper venue; alternatively, it asked to transfer *Blair* to this District or stay it in deference to *In re Welspun Litigation* because the claims and putative class in *Blair* are subsumed by the claims and putative class in *In re Welspun Litigation*. See *Blair*, No. 0:17-cv-60178-DMM, Dkt. No. 13.

    a.     Motions: All motions and applications shall be governed by the Court's Individual Practices, including pre-motion conference requirements. Pursuant to Rule 2.A of the Court's Individual Practices, responses to pre-motion letters are to be submitted within three business days from the date of submission of the initial pre-motion letter. Pre-motion letters and

       responses shall be submitted pursuant to Rule 1.A of the Court's Individual Practices. In light of the Parties' agreement to mediate by July 14, 2017, Defendants' answers to the CAC, or pre-motion letters pursuant to Rule 2.A of the Court's Individual Rules and Practices, are due within 30 days of the Court's post-mediation conference set forth in paragraph 9 above.

    b.    The deadline for Plaintiffs to serve Defendant Welspun India Ltd. will also be tolled until the Court holds the post-mediation conference set forth in paragraph 9 above.

11.    In the case of a discovery dispute, unless otherwise directed, parties should describe their discovery disputes in a single letter, jointly composed, not to exceed five pages. Separate and successive letters will not be read. Strict adherence to Fed. R. Civ. P. 37(a)(l), the "meet and confer" rule, is required, and should be described in the joint submission as to time, place, and duration, naming the counsel involved in the discussion. The joint letter shall describe concisely the issues in dispute and the respective position of each party, citing the applicable authority that the respective parties claim for support. As a general matter, affidavits or exhibits are not permitted in connection with discovery dispute letters without prior written request and permission. However, when the dispute concerns the refusal to respond to a specific written request, the parties shall attach that request. If an opposing party refuses to participate in writing a joint letter or does not provide its portion of a joint letter within 72 hours of a party's request, a party may submit a letter without the opposing party's contribution and shall attach a copy of the correspondence seeking the opposing party's contribution.

12.    Subject to paragraph 8(d), no request for an extension of the deadlines set forth in ¶¶ 7 or 8 shall be granted unless the parties seeking the extension show good cause for the extension and specifically explain (1) what discovery has already been completed, (2) what discovery remains to be done, and (3) why the parties were unable to comply with the preexisting deadlines. As a general matter, the Court will not adjourn a deadline by more than the number of days remaining from the time of the request to the original deadline. (For example, if at the time of the request there are twenty days left before the deadline, the Court will not adjourn the deadline more than twenty days.)

SO ORDERED
Dated: 3/30/17

RICHARD J. SULLIVAN
U.S.D.J.

USDS SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 3/30/17

3