

**COHEN & GRESSER LLP**

800 Third Avenue
New York, NY 10022
+1 212 957 7600 phone
www.cohengresser.com

Nathaniel P. T. Read
212 957 7069
nread@cohengresser.com

May 17, 2018

VIA ECF WITH COPY BY EMAIL

Honorable Richard J. Sullivan
United States District Judge
United States District Court for the
    Southern District of New York
Thurgood Marshall United States Courthouse
40 Foley Square
New York, New York 10007

Re:  *In re Welspun Litigation*, Case No. 16-cv-06792-RJS

Dear Judge Sullivan:

We represent defendant Wal-Mart Stores, Inc. ("Walmart") and write in response to the Court's Order dated May 15, 2018 (Doc. No. 156) and the May 9, 2018 letter from Plaintiffs' counsel (Doc. No. 154) regarding the failure of Plaintiffs' counsel to meaningfully meet and confer with counsel for Walmart regarding the privilege and work product dispute currently before the Court (Doc. No. 151).

Walmart respectfully submits that Plaintiffs' May 9 letter shows that Plaintiffs' counsel failed to meet and confer before Plaintiffs served their portion of the discovery dispute letter on April 30, 2018.  The April 24 call focused on "unrelated matters" (Doc. No. 154 at 1), and the discussion of the 2008 investigation lasted perhaps two minutes and did not address Grand ISS at all.  Plaintiffs then responded to the April 26 email from the undersigned (which identified the issue with Walmart's privilege log and committed to serving a revised log by May 4) only by serving their portion of the discovery dispute letter.

Walmart respectfully submits that the Court's Individual Rules and Practices require a full meet-and-confer process *before* a joint letter is sent to the opposing side.  Individual Rules and Practices, Section 2.G.  Indeed, the joint letter is required to describe the parties' meet and confer efforts, which thus must have occurred before the joint letter is prepared.  The Court's Individual Rules do not require the parties to (1) prepare a response to a discovery dispute letter and (2) meet and confer for the first time, both within the Court's 72-hour timeframe for finalizing discovery dispute letters.  While Plaintiffs extended the deadline here by one business day as a courtesy, that does not change the analysis, particularly where, as here, there was no urgent need to resolve the issue or seek Court intervention.



May 17, 2018
The Honorable Richard J. Sullivan
Page 2

  Further, the discussions between April 30 and May 3 were limited and occurred only because we contacted Plaintiffs' counsel to attempt to discuss the issues, not because Plaintiffs sought to meet and confer. Also, despite the suggestion otherwise in the May 9 letter, Walmart never requested that Plaintiffs just withdraw their letter (Doc. No. 154 at 2); we asked that Plaintiffs hold their letter for a week or two to allow the parties time to meet and confer. And Plaintiffs did not meaningfully meet and confer in the week of April 30. Among other things, Plaintiffs never raised the points in their portion of the joint letter about Walmart's written discovery responses. Walmart agreed to update its privilege log (and did so), and also advised Plaintiffs on or about May 3 that it was able to provide a declaration from the in-house counsel who oversaw the 2008 investigation. But Plaintiffs' counsel expressed no interest in seeing the declaration or in understanding or considering Walmart's position, instead refusing to offer any compromise position and proceeding with filing the discovery dispute letter.

  Plaintiffs did not and could not describe any meaningful meet-and-confer efforts in their portion of the joint letter, because none had occurred when they sent their portion on April 30. While certain limited discussions took place after Plaintiffs served the joint letter on April 30, Walmart respectfully submits that Plaintiffs did not comply with the letter or spirit of the meet-and-confer requirements in the Court's Individual Rules and Practices.

              Respectfully submitted,

              *Nate Read /LM*

              Nathaniel P. T. Read