May 18, 2018

**By ECF and Email**
The Honorable Richard J. Sullivan
U.S. District Court for the Southern District of New York
Thurgood Marshall United States Courthouse
40 Foley Square
New York, NY 10007
sullivannysdchambers@nysd.uscourts.gov

       Re: Defendants' Opposition to Request to Amend Complaint
       *In re Welspun Litigation*, Case No. 16 Civ. 6792 (RJS)

Dear Judge Sullivan:

      Plaintiffs' previous request for leave to amend, and the Court's May 9 Order granting such relief, could not have been clearer: Plaintiffs requested, and the Court granted, "permission to [seek leave to] file a Consolidated Second Amended Class Action Complaint ["SAC"] to allege that Plaintiff Jividen purchased bed linens from Bed Bath & Beyond in New York and to add new plaintiffs who purchased Welspun products in New York from Target and Welspun" (the "NY-Centric Amendments"). (D.E. 153 at 1.) Yet, as is their wont, Plaintiffs have ignored the Court's Order. Instead of seeking to add only the NY-Centric Amendments, Plaintiffs' proposed SAC would drastically change the case by adding five pages to the complaint and amending at least 27 other paragraphs in an attempt to bolster existing personal jurisdiction allegations and introduce so-called whistleblower allegations. These proposed amendments blatantly exceed the narrow grounds on which this Court granted Plaintiffs permission to seek leave to amend. Moreover, the proposed amendments are woefully late and would be highly prejudicial to Defendants, whose motion to dismiss has been *sub judice* since December 4, 2017. Plaintiffs should thus be denied leave to make any amendments other than the NY-Centric Amendments, and should be ordered to reimburse Defendants for all reasonable fees and costs as a result of Plaintiffs' failure to seek leave as to those amendments sooner.[1]

**I.     PLAINTIFFS LACK GOOD CAUSE FOR THEIR BELATED AMENDMENT.**

      When the Court appointed interim lead class counsel, it ordered Plaintiffs to file a Consolidated Amended Complaint ("CAC") by February 27, 2017. (D.E. 58 at 3–4.) The Court's Rule 16 scheduling order, stipulated to by all parties, further specified that "[a]mended pleadings may not be filed except with leave of the Court." (D.E. 92 ¶ 4.) The mandate was clear: the CAC—at that point Plaintiffs' third complaint here and sixth overall—would be the operative complaint in this consolidated action. Accordingly, Plaintiffs' request to amend is not governed by the liberal standards of Rule 15. Instead, Plaintiffs must establish good cause for leave to amend under Rule 16. *See Parker v. Columbia Pictures Indus.*, 204 F.3d 326, 340 (2d Cir. 2000) (affirming denial of leave to amend where amendment was sought "after the deadline set in the scheduling order" and the "moving party [] failed to establish good cause").[2] To

---

[1]  Wal-Mart Stores Inc. joins in Section I of this letter but does not seek its fees and costs.
[2]  The cases relied on by Plaintiffs—*Loreley Fin. (Jersey) No. 3 Ltd. v. Wells Fargo Sec., LLC*, 797 F.3d 160 (2d Cir. 2015) and *Slinin v. Shnaider*, 2017 WL 464426 (S.D.N.Y. Feb. 2, 2017)—are readily distinguishable. No Rule

establish good cause under Rule 16, Plaintiffs are required, at a minimum, to demonstrate diligence. *See Kassner v. 2nd Ave. Delicatessen Inc.*, 496 F.3d 229, 244 (2d Cir. 2007). The Court may also consider other relevant factors, such as Plaintiffs' bad faith and prejudice to Defendants. *See id.* Plaintiffs cannot come close to establishing good cause here.

**Plaintiffs were not diligent and engaged in undue delay and bad faith.** When Plaintiffs' counsel sought appointment as interim class counsel, they represented that "[t]his is a simple case" and claimed that, "[i]nstead of racing to the courthouse, [they] engaged in a thorough investigation of the law and facts surrounding Defendants' conduct." (D.E. 34 at 2, 4.) Based on Plaintiffs' representations, the Court granted the appointment, but emphasized that it "will not tolerate bad faith or gamesmanship of any kind in this case." (D.E. 58 at 2 n.1.)

Plaintiffs have not heeded that warning. Plaintiffs have known about the jurisdictional deficiencies in the CAC since at least September 2017, when Defendants submitted their pre-motion to dismiss letter. (D.E. 115.) As early as November 2017, Plaintiffs claimed they could cure those deficiencies with an amended complaint. (D.E. 133 at 22–23.) Yet, Plaintiffs made no attempt to amend the CAC until this Court, by its Order of May 9, gave Plaintiffs a deadline of May 15, 2018 to seek leave to amend. Plaintiffs' delay demonstrates an inexcusable lack of diligence. *See Jackson v. Roslyn Bd. of Educ.*, 596 F. Supp. 2d 581, 586 (E.D.N.Y. 2009) (holding a delay of five months showed a lack of diligence).

Plaintiffs' delay appears to have been part of a ploy to buy more time in the vain hope they could find evidence to cure the fatal defects in the CAC. If Plaintiffs had simply wanted to amend the CAC to add the NY-Centric Amendments, they could have done so long ago. But despite knowing of the CAC's defects no later than September 2017, Plaintiffs made no attempt to amend the CAC for nearly nine months. *See In re Alum. Warehousing Antitrust Litig.*, 2016 WL 1629350, at *8 (S.D.N.Y. Apr. 25, 2016) (denying motion to amend for lack of good cause when "plaintiffs had information that would have allowed them to make many of their proposed amendments long ago, but tactically chose not to do so"). To make matters worse, when Plaintiffs finally offered the proposed SAC, it contained much more than the NY-Centric Amendments that Plaintiffs promised; the proposed SAC is larded with new allegations based on misleading and unsupported snippets and misrepresentations of documents obtained in the past nine months of discovery. Such conduct epitomizes the "bad faith" and "gamesmanship" that the Court previously proscribed.

**The belated proposed amendment would unfairly prejudice Defendants.** Given the time and expense incurred by Defendants after nine months of motion to dismiss briefing and class certification discovery, allowing Plaintiffs to file the proposed SAC at this late date will cause serious prejudice to Defendants. Among other things, Defendants would have to redo all of their motion to dismiss briefing and take additional discovery to address not only the NY-Centric Amendments, but also five pages and 27 paragraphs' worth of never-before-raised allegations. That is undue prejudice. *See City of New York v. Grp. Health Inc.*, 649 F.3d 151, 158 (2d Cir. 2011) (modifying the scope of discovery would result in undue prejudice as it

---

16 order had been entered in either case, making the applications therein subject to the more lenient Rule 15 standard rather than the good cause requirement of Rule 16. Nor did either of those cases involve parties, like Plaintiffs here, who had previously amended their complaints multiple times and admitted their complaint was fatally flawed, but delayed six months before moving to amend.

"would delay proceedings and require substantial additional expense").

Granting Plaintiffs' belated motion to file the proposed SAC would also throw the schedule into disarray. For over a year, this case—including mediation, motion to dismiss briefing, and discovery—has proceeded with the CAC as the operative complaint. Much of this work would have to be redone if Plaintiffs were allowed to proceed on the proposed SAC. Allowing the proposed SAC would also wreak havoc on the class certification discovery and briefing schedule, as Plaintiffs' motion for class certification currently is due on July 14, 2018 (D.E. 109 at 1), and it is well settled that the "rigorous analysis" required by Rule 23 frequently "overlap[s] with the merits of the plaintiff[s'] underlying claim[s]," *Wal-Mart Stores, Inc. v. Dukes*, 564 U.S. 338, 351 (2011). This is precisely the kind of prejudice that warrants denial of leave to file an amended complaint. *See Merrick Bank Corp. v. Chartis Specialty Ins. Co.*, 2015 WL 4126780, at *3 (S.D.N.Y. July 7, 2015) (Sullivan, J.) (denying motion to amend based on prejudice to defendant due to expense incurred in existing briefing and likelihood that amendment would require the effort to be repeated).

Plaintiffs cannot credibly blame their delay on the parties' discussion in late April regarding an amendment by stipulation. At the time, Plaintiffs' counsel had threatened to file an entirely new action on behalf of the new plaintiff in the proposed SAC (Ms. Gettings) and seek to consolidate that new case with this one. Defendants thus engaged in good faith discussions about a stipulation to permit such a limited amendment and protect their investment in this case, and to comply with this Court's Practices and avoid unnecessary motion practice. Notably, the stipulation contemplated the NY-Centric Amendments only; it did not include the wholesale changes found in the proposed SAC.[3]

## II.   COSTS AND FEES SHOULD BE AWARDED.

Plaintiffs' proposed SAC acknowledges, and tries to address, the fundamental jurisdictional defects in the CAC that they themselves conceded in their opposition to the motion to dismiss back in November 2017. Plaintiffs could have, and should have, sought to remedy those deficiencies at that time. Instead, they chose to stand pat while the parties fully briefed dismissal of that complaint. Such behavior warrants sanctions. *See, e.g., Baker v. Urban Outfitters, Inc.*, 431 F. Supp. 2d 351, 363–64 (S.D.N.Y. 2006) (sanctioning Plaintiff under inherent powers and § 1927 for pleading facially invalid claims and delaying dismissing them); *Banus v. Citigroup Global Markets, Inc.*, 757 F. Supp. 2d 394, 399–400 (S.D.N.Y. 2010) (ordering sanctions under inherent powers and § 1927 for claims that were "completely without merit"). At a minimum, Defendants are entitled to the attorneys' fees and costs incurred to respond to and defend against any CAC allegations that this Court permits Plaintiffs to amend at this late date.

\*   \*   \*

Plaintiffs have been given the benefit of every doubt. Consistent with its Order of May 9, 2018, this Court should now (a) deny Plaintiffs leave to add any new allegations other than the NY-Centric Amendments, (b) award Defendants fees and costs in the manner described above, and (c) stay all current deadlines pending a decision on and service of the operative complaint.

---

[3]  Defendants are mindful of this Court's rule against exhibits to pre-motion letters but can provide Plaintiffs' proposed stipulation if Your Honor would find it useful.

Respectfully submitted,

| | |
|---|---|
| KIRKLAND & ELLIS LLP | COHEN & GRESSER |
| By: _/s/ Warren Haskel_ | By: _/s/ Nathaniel P. T. Read_ |
| Atif Khawaja, P.C. | Mark S. Cohen |
| Warren Haskel | Nathaniel P. T. Read |
| 601 Lexington Avenue | 800 Third Avenue, Floor 21 |
| New York, NY 10022-4611 | New York, New York 10022 |
| Telephone: (212) 446-4800 | Telephone: (212) 957-7600 |
| Facsimile: (212) 446-4900 | Facsimile: (212) 957-4514 |
| akhawaja@kirkland.com | mcohen@cohengresser.com |
| whaskel@kirkland.com | nread@cohengresser.com |
| | |
| *Counsel for Defendants Welspun USA, Inc., Welspun India Ltd., and Bed Bath & Beyond Inc.* | *Counsel for Defendant Wal-Mart Stores, Inc.* |

Joseph Serino, Jr.
LATHAM & WATKINS LLP
885 Third Avenue
New York, NY 10022-4834
Telephone: (212) 906-1717
Facsimile: (212) 751-4864
joseph.serino@lw.com

*Counsel for Defendants Welspun USA, Inc., Welspun India Ltd.*