

800 Third Avenue
New York, NY 10022
+1 212 957 7600 phone
www.cohengresser.com

Nathaniel P.T. Read
212 957 7069
nread@cohengresser.com

November 30, 2018

**By ECF**

Honorable Vincent L. Briccetti
United States District Judge
United States District Court
for the Southern District of New York
300 Quarropas St.
White Plains, NY 10601

        Re:    *In re Welspun Litigation*, Case No. 16 CV 06792 (VB)

Dear Judge Briccetti:

        We represent defendant Walmart Inc., s/h/a Wal-Mart Stores, Inc. ("Walmart") in this action and write pursuant to the Court's November 21, 2018 Order [Dkt. 199] directing Walmart to respond to Plaintiffs' November 19, 2018 letter [Dkt. 198] requesting a pre-motion conference regarding Walmart's privilege log ("Plaintiffs' Letter"). Today Walmart provided Plaintiffs with a revised privilege log and supplemental production that we believe collectively address the issues raised in Plaintiffs' Letter. If Plaintiffs have additional concerns after reviewing Walmart's revised log and production, Walmart is ready to meet and confer to resolve those matters without Court intervention.

        Walmart respectfully submits that Plaintiffs' Letter was premature and improper. On November 14, Plaintiffs advised Walmart by email that they would raise a dispute with the Court regarding Walmart's privilege log, but did not identify the points in Sections II-IV of their Letter (or any other substantive points).[1] In our email response on November 16, we told Plaintiffs that Walmart would provide a revised privilege log and supplemental document production by November 30. Plaintiffs did not respond to us. Instead they filed their Letter in violation of the meet and confer rule in Fed. R. Civ. P. 37(a)(1) and the Court's Individual Practices. In light of these events, including that Walmart today provided the revised privilege log and addressed the

---

[1] This is not the first time Plaintiffs have raised a Walmart discovery dispute without a sufficient meet and confer process. *See, e.g.* Dkt. Nos. 152 (Judge Sullivan's Order to Show Cause why Plaintiffs should not be sanctioned for failing to meet and confer on dispute regarding the 2008-09 investigation); 154 (Plaintiffs' response to Order to Show Cause); and 157 (Walmart's reply to Plaintiffs' response); *see also* Aug. 3, 2018 Hr'g Tr. at 64:21-65:2; 66:3-10 (declining to sanction Plaintiffs but finding that a two minute phone call was not a sufficient effort to meet and confer; transcript not attached due to page limitations).



November 30, 2018
Honorable Vincent L. Briccetti
Page 2

concerns raised by Plaintiffs' Letter, Walmart respectfully submits that Plaintiffs' request for a pre-motion conference is moot and should be denied.

**I.     Walmart's Has Addressed Plaintiffs' Concerns**

The revised privilege log and supplemental production Walmart provided to Plaintiffs today address each of the points raised in Sections II-IV of Plaintiffs' Letter:

- Plaintiffs complain about "documents with third parties" (Section II.a) and "common interest" communications with Welspun (Section IV), but Walmart's revised privilege log does not include those documents or privilege assertions; we believe that the documents to which Plaintiffs take issue are included in Walmart's supplemental production.[2]

- Plaintiffs complain about "documents with a business purpose" (Section II.b) without attorneys or with attorneys only receiving a copy or as one of many recipients, but such non-privileged documents are included in Walmart's supplemental production (and thus are removed from the privilege log).

- Plaintiffs complain that Walmart's privilege log does not list attachments (Section III), but Walmart's revised log provides that detail.

**II.    Plaintiffs Requested a Pre-Motion Conference Without Meeting And Conferring**

We would have advised Plaintiffs that Walmart was addressing their concerns if Plaintiffs had conferred with us regarding those concerns as required by Fed. R. Civ. P. 37(a)(1) and this Court's Individual Practices. But Plaintiffs failed to meet and confer and Plaintiffs' Letter fails to describe the parties' interactions accurately.

On November 14, 2018, Plaintiffs' counsel emailed us regarding the revised privilege log and supplemental production Walmart had told Plaintiffs it would make. Plaintiffs advised that "unless Walmart serves both its revised log and makes its additional document production, Plaintiffs will request a pre-motion conference with the Court early next week pursuant to Judge

---

[2] We note that when Plaintiffs' counsel requested on November 2, 2018 that Walmart de-designate two pages of deposition testimony, they told us that the request related to a discovery dispute involving a defendant other than Walmart and never raised the point with us again. Indeed, if Plaintiffs had specifically raised the issue, we would have advised them that Walmart does not object to the public filing of the limited deposition testimony quoted in Plaintiffs' Letter (that testimony, contrary to Plaintiffs' assertion otherwise, does not address whether Walmart and Welspun have a common legal interest).

Case 7:16-cv-06792-VB Document 203 Filed 11/30/18 Page 3 of 4



November 30, 2018
Honorable Vincent L. Briccetti
Page 3

Briccetti's Individual Rule 2.B.i." We responded by email on November 16, advising Plaintiffs that there was no discovery deadline or other reason to rush to Court on this issue and that:

> Walmart expects to have its revised privilege log and supplemental document production to Plaintiffs on or before November 30, 2018. We understand that this resolves any concerns raised in your email below. But if Plaintiffs do have additional concerns, please let us know when we can have a meet and confer call to discuss them and see if they can be resolved without Court intervention.

Plaintiffs did not respond to this email. Instead, they filed their Letter, omitting our November 16 email from their account of the interactions between counsel.

     Plaintiffs' Letter also inaccurately states that they have raised the specific issues listed therein "for months." In fact, Plaintiffs did not meet and confer with Walmart at all regarding the issues raised in Sections II-IV of their Letter. Instead, the emails between counsel for Plaintiffs and Walmart addressed when Walmart would produce a document-by-document log (to address Plaintiffs' concerns with the categorical log previously provided pursuant to the Local Rules) and the accompanying supplemental production. In those emails, Walmart told Plaintiffs that it needed additional time to complete these tasks. Walmart required additional time because of the volume of materials at issue, and because of revisions to the privilege log made in light of the Court's September 21, 2018 Order regarding the attorney client privilege and work product doctrine [Dkt. 188] and the Stipulation and Order under Fed. R. Evid. 502(d) [Dkt. 197]. In particular, counsel had to review carefully the revised privilege log, which contains over 725 entries, and the over 350 documents that Walmart produced today pursuant to the Stipulation and Order (many of which had to be redacted for production).

     Further, Walmart respectfully submits that Plaintiffs have suffered no prejudice from the timing. Indeed, Plaintiffs' do not argue that they have been prejudiced; nor could they, because there are no discovery or other deadlines in this action that could support any such argument.

### III.   Plaintiffs' Misleading "Introduction and Background" Section

     Plaintiffs' "Introduction and Background" section is deeply misleading. It primarily re-hashes disputes related to the Walmart investigation in 2008-09 that were resolved by Judge Sullivan in the September 21 Order; there is no question that Walmart litigated that issue in good faith and complied in full with the Order resolving it. Walmart thus will not respond to all of Plaintiffs' erroneous contentions. But there are two points in Plaintiffs' Letter to which we will respond to correct the record.

     First, in May 2018 Walmart served a categorical privilege log under S.D.N.Y. Local Rule 26.2(c), which states that it is "presumptively proper" to provide privilege log information for multiple documents "by group or category" and that "[a] party receiving a privilege log that



November 30, 2018
Honorable Vincent L. Briccetti
Page 4

groups documents or otherwise departs from a document-by-document or communication-by-communication listing may not object solely on that basis." Walmart complied with the Federal Rules of Civil Procedure and this Court's Local Rules, and there has been no waiver of any privilege or work product. Indeed, Plaintiffs cite no authority finding any waiver, much less authority granting the sweeping and extraordinary relief they improperly seek.

Second, Plaintiffs misrepresent the statements by Walmart's counsel at the August 3, 2018 Court conference. Walmart's counsel did not tell the Court that lawyers were listed as sending or receiving each document on the categorical log; in fact, in response to the Court's question about whether attorneys were on every document, Walmart's counsel said "[n]ot every single person is on every single document." Aug. 3, 2018 Hr'g Tr. at 49:4.

Walmart respectfully submits that its revised privilege log and supplemental production addresses the issues raised in Plaintiffs' Letter and thus Plaintiffs' request for a pre-motion conference should be denied. Certainly Plaintiffs' request for a finding of waiver has no basis and should be denied. Of course, if the Court would like to hear from counsel on any of these points, we would be happy to have a conference at the convenience of the Court and counsel.

Respectfully submitted,

Nathaniel P.T. Read

cc:     Counsel of record (by ECF)